IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Hildred Proctor, Jr., ) | Case No.: 9:23-cv-05260-JD-MHC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Rebecca Reifer; PA DOC; Mark ) | |
| Dialesandro; John Stabiel, Jr., ) | |
| ) | |
| Defendants. ) | |
| ) | |

    This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 5.) Plaintiff James Hildred Proctor, Jr. ("Plaintiff" or "Proctor"), a state prisoner at SCI-Houtzdale in Houtzdale, Pennsylvania, proceeding *pro se*, brought this action under 42 U.S.C. § 1983 against Defendants Rebecca Reifer, PA DOC, Mark Dialesandro, and John Stabiel, Jr. (collectively "Defendants"), alleging that prison guards at SCI-Greene attacked him on June 21, 2020. (DE 1.) Plaintiff requests monetary damages and that "people [be] fired [and] arrested."[2] (DE 1, p. 5.)

    The Report was issued on November 6, 2023, recommending Plaintiff's case be transferred to the United States District Court for the Western District of Pennsylvania because none of the Defendants reside in South Carolina, and Plaintiff has not alleged that any of the events or

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2]     Some of the claims in this action may be duplicative of those asserted in another case recently filed by Plaintiff in this Court. See Proctor v. Dialesandro, No. 9:23-05070-JD-MHC (D.S.C.).

1

omissions that gave rise to this claim occurred in this district.  Therefore, venue under 28 U.S.C. § 1391 is not appropriate in the District of South Carolina.  Plaintiff has not filed an objection to the report.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record.  Therefore, the Court adopts the Report (DE 5) and incorporates it herein by reference.

It is, therefore, **ORDERED** that this case is transferred to the United States District Court for the Western District of Pennsylvania for further handling.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
December 13, 2023

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.